# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY DOUGLAS MARTIN,<br><br>    Defendant. | Case No. CR-25-158-RAW |

## ORDER

The Defendant is charged in the Indictment with one count of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  Now before the court are the Defendant's motion to dismiss the Indictment on Constitutional grounds [Docket No. 29] and the Government's response thereto [Docket No. 30].

The Defendant asserts both a facial and an as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1).  A law is facially unconstitutional only when "no set of circumstances exist under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).  In contrast, an as-applied challenge tests whether the contested law is constitutional as enforced against the particular parties before the court and the particular circumstances of the case. *United States v. Supreme Ct. of N.M.*, 839 F.3d 888, 907 (10th Cir. 2016) (citing *United States v. Carel*, 668 F.3d 1211, 1217 (2011)).

The Defendant first notes that while he recognizes that Tenth Circuit precedent is not in his favor, he makes his Second Amendment arguments for purposes of record preservation.  He then argues, *inter alia*, that his conduct is protected by the Second Amendment under *New York*

*State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that the Government cannot establish that § 922(g)(1)'s ban on firearm possession is part of the historical tradition of firearm regulation at the time of the ratification of the Second Amendment, that § 922(g)(1) fails to distinguish between those who are dangerous and those who are not, and that his predicate offense is not a violent offense.

In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. *Bruen* struck down New York's "proper cause" requirement for obtaining a license to carry a firearm outside the home because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156. In reaching this conclusion, the Supreme Court instructed:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is *consistent with the Nation's historical tradition of firearm regulation*. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id*. at 2129-30 (emphasis added). The Court also instructed:

> To be clear, analogical reasoning under the Second Amendment is neither a regulatory straightjacket nor a regulatory blank check. On the one hand, courts should not "uphold every modern law that remotely resembles a historical analogue," because doing so "risk[s] endorsing outliers that our ancestors would never have accepted." On the other hand, analogical reasoning requires only that the government identify *a well-established and representative historical analogue, not a historical twin*. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster.

*Id*. at 2133 (internal citation omitted) (emphasis added).

After *Bruen* was decided, in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), the defendant Vincent challenged the constitutionality of § 922(g)(1) against nonviolent felons like

2

herself. Vincent's conviction was for bank fraud, a federal felony. The Tenth Circuit found that "*Bruen* did not indisputably and pellucidly abrogate [its] precedential opinion in *McCane*." *Id*. at 1202 (citing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). "*McCane* squarely upheld the constitutionality of the ban on felons' possession of firearms." *Id*. (citations omitted). Moreover, "[under] *McCane*, we have no basis to draw constitutional distinctions based on the type of felony involved." *Id*. (citations omitted).

On appeal, the Supreme Court vacated and remanded *Vincent* for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). In *Rahimi*, the defendant contested whether 18 U.S.C. § 922(g)(8)[*] "could be enforced against him consistent with the Second Amendment." *Id*. at 684-85. Ultimately, the Court concluded that: "An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id*. at 702. The *Rahimi* Court reiterated that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id*. at 692. Additionally, a "historical twin" is not required. *Id*. at 701. Rather, *Bruen* requires a "historical analogue." *Id*. at 702.

On February 11, 2025, the Tenth Circuit issued its opinion finding that *Rahimi* does not undermine the panel's earlier results or reasoning and readopting its prior opinion. *Vincent v. Bondi*, No. 127 F.4th 1263 (10th Cir. 2025). The Tenth Circuit concluded that *McCane* remains binding after *Rahimi* and that under *McCane*, the Second Amendment does not prevent the application of § 922(g)(1) to nonviolent offenders. *Id*. at 1266. "Under McCane, the Second

---

[*] Section 922(g)(8) prohibits an individual subject to a domestic violence restraining order from possessing a firearm if the restraining order includes a finding that he represents a credible threat to the physical safety of such intimate partner or child.

Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders like Ms. Vincent." *Id*.

As the Tenth Circuit was bound by its precedent, so is this court. Section 922(g)(1) is not unconstitutional as applied to nonviolent offenders. The Defendant has not shown that § 922(g)(1) is unconstitutional as enforced against him based on the discrete facts in this case. Furthermore, as demonstrated by the Government, sufficient historical analogues exist such that imposition of § 922(g)(1) on the Defendant in this case passes constitutional muster.

The Defendant then argues that the Indictment is deficient under Fed. R. Crim. P. 7(c)(1) because it fails to identify the former felony convictions that constitute an element of the charged offense. An indictment is "constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). The Indictment in this case is sufficient.

Next, the Defendant argues that the absence of any procedure to restore one's rights to possess a firearm after the right has been forfeited due to a felony conviction violates the due process provisions of the Fifth Amendment. The Government argues that the defendant cannot assert his Fifth Amendment rights upon a right that was lost through due process of law and that the Defendant is repackaging his Second Amendment claim as a substantive due process claim.

The court agrees. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citation and internal quotation marks

omitted). If there is no Second Amendment right for a felon to possess a firearm, then there is no due process right to regain said right to possess a firearm.

Moreover, the Defendant is incorrect in his argument that there is no procedure to restore one's rights to possess a firearm after the right has been forfeited due to a felony conviction. The statute does contain restoration mechanisms. The Defendant acknowledges that "technically" these methods exist, but argues they are ineffectual. The court disagrees. While relief may be rare, the procedures exist. Section 921(a)(20) provides in pertinent part that "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Additionally, section 925(c) allows a person prohibited from possessing firearms to apply to the Attorney General for relief.

The Defendant also argues that the absence of a self-defense exception renders § 922(g)(1) unconstitutional under the Second Amendment. The Defendant cites *District of Columbia v. Heller*, 554 U.S. 570 (2008) in support of his argument, but in that case, the Supreme Court noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id*. at 626-27. "Like most rights, the right secured by the Second Amendment is not unlimited." *Id*. at 626. "[T]he right was never thought to sweep indiscriminately." *United States v. Rahimi*, 602 U.S. 680, 691 (2024). In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court held that *law-abiding citizens* have a right to carry a gun outside the home for self-defense.

As the Government argues, a self-defense exception to § 922(g)(1) would render the statute useless, as every felon would claim he possessed a firearm for self-defense. Nevertheless,

as the Government notes, the Tenth Circuit has recognized a narrow necessity defense to § 922(g)(1) that may apply where a felon is forced by circumstances to temporarily use a firearm in self-defense. *United States v. Deleveaux*, 205 F.3d 1292 (10th Cir. 2000). The defense is available "only in the most extraordinary circumstances," but again, the Defendant is incorrect in his argument. While very narrow, there is in fact a self-defense exception.

The Defendant argues that § 922(g)(1) exceeds Congress's power to regulate commerce. The Defendant recognizes that the Tenth Circuit has already rejected arguments that § 922(g)(1) violates the Commerce Clause, but states that he includes it for record preservation. The Tenth Circuit has held that this Commerce Clause challenge "lacks merit, as it has already been explicitly rejected by this court." *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)(citing *United States v. Urbano,* 563 F.3d 1150, 1154 (10th Cir. 2009) (rejecting Commerce Clause challenge to § 922(g) based upon the alleged insufficient connection to interstate commerce and stating "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir. 1995) (concluding "[§] 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause")).

After having argued that § 922(g)(1) is unconstitutional as applied to him, finally, the Defendant argues that any interpretation of § 922(g)(1) other than an absolute categorical prohibition for all felons would render the statute unconstitutionally vague. The court is not convinced. Section 922(g)(1) has consistently been upheld as constitutional.

The Defendant's motion to dismiss the Indictment on Constitutional grounds [Docket No. 29] is hereby DENIED.

**IT IS SO ORDERED** this 30th day of December, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**